UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHUCK HUNTER** : | **DOCKET NO. 17-cv-1029** |
| **REG. # 29866-001** | **SECTION P** |
| **VERSUS** : | **UNASSIGNED DISTRICT JUDGE** |
| **CALVIN JOHNSON** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Chuck Hunter. Hunter is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

I.
BACKGROUND

Hunter brings this petition seeking expungement of a prison disciplinary proceeding arising from an incident report issued on October 25, 2016. Doc. 1; *see* doc. 1, att. 2, p. 25. According to the incident report, an FCIO officer was conducting random cell searches and found Hunter's cell to be "unsanitary and untidy." Doc. 1, att. 2, p. 25. The FCIO officer asserted that Hunter had been

counseled about the condition of his cell on multiple occasions. *Id.* According to the report, Hunter was directed to clean his cell but on later inspection it was found to be in the same condition and Hunter admitted that he had not cleaned it. *Id.* The officer thus cited Hunter for violation of Prohibited Act Code 307 (refusing to obey an order) and 330 (being unsanitary or untidy). *Id.*

The matter was referred to the Unit Disciplinary Committee, which found that Hunter had committed the prohibited acts and sentenced him to sixty days' loss of phone and commissary privileges. *Id.* Hunter completed his administrative review process related to his proceeding through the BOP, which denied his claim at every level. *See id.* at 3–24. He then filed suit in this court, seeking expungement of the incident report. Doc. 1. The only basis for expungement he alleges is a claim that the rejection of his BP-10 by the regional office "erroneously states that this matter was reheard." *Id.* at 8; *see* doc. 1, att. 2, p. 9.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Hunter is ostensibly challenging the Unit Disciplinary Committee's judgment and his resulting loss of privileges, though he does not allege any specific errors, constitutional or otherwise, in that proceeding. A review of the complaint and exhibits, however, reveals that this court cannot grant him relief based on those disciplinary proceedings.

In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). For prisoners, such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 115 S.Ct. at 2300 (citations omitted). Changes in the conditions of confinement, such as loss of commissary or phone privileges, do not support such a claim. *E.g.*, *Dunwoody v. Drew*, 2009 WL 5195766 at *2 (W.D. La. Dec. 2, 2009) (citing *Palmisano v. BOP*, 258 Fed. App'x 646, 648 (5th Cir. 2007)). The rationale for the rejection of his administrative appeals, and any error alleged therein, will not change this fact. Accordingly, Hunter cannot show a right to habeas relief relating to the challenged disciplinary proceedings.

### III.
#### CONCLUSION

For the reasons stated above, Hunter's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the action be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE